UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRNA GONZALEZ,<br><br>          Plaintiff,<br>vs.<br>RECHT FAMILY PARTNERSHIP, dba BONITA COURT APARTMENTS, SUNWEST MANAGEMENT, INC., a California Corporation, ROBIN KINARD,<br><br>          Defendants. | CASE NO. 14cv2940-WQH-DHB<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 3-2).

## BACKGROUND

  On December 12, 2014, Plaintiff initiated this action by filing a Complaint against Defendants Recht Family Partnership, Sunwest Management, Inc., and Robin Kinard. (ECF No. 1). The Complaint asserts eight causes of action including: (1) violation of the Fair Housing Act ("FHAA"); (2) violation of the Rehabilitation Act of 1973; (3) violation of the Fair Employment and Housing Act ("FEHA"); (4) violation of California Civil Code section 54.1; (5) violation of the Unruh Civil Rights Act; (6) negligence; (7) retaliatory eviction; and (8) violation of the California Unfair Business Practices Statute.

  On the same day, Plaintiff filed a motion to proceed in forma pauperis (ECF No.

2), and a Motion for Temporary Restraining Order (ECF No. 3-1) and Preliminary Injunction (ECF No. 3-2). The Court issued an order granting the motion to proceed in forma pauperis (ECF No. 2) and denying Plaintiffs Motion for Temporary Restraining Order (ECF No. 3-1). Plaintiff's Motion for Preliminary Injunction (ECF No. 3-2) remained pending.

Plaintiff's Motion for Preliminary Injunction seeks "an order that prevents Defendants from continuing with their plans to evict her through non-renewal of her lease, in retaliation for her requests for an assigned parking space." (ECF No. 3 at 7). Plaintiff contends that she is entitled to an opportunity to prove at trial that Defendants failed to provide a reasonable accommodation and took actions to evict her in retaliation for her requests for the reasonable accommodation for her disability. Plaintiff contends that an injunction is necessary to preserve the status quo so that this Court can determine whether the intended eviction was motivated by discrimination based on her disability. (ECF No. 3 at 8).

## DISCUSSION

A movant may obtain a preliminary injunction by showing that there exist "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction...." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see also Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) (To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

I.  **Merits**

   A.  **Fair Housing Act**

Plaintiff contends that "[c]learly in refusing to provide [Plaintiff] with the requested reasonable accommodation, Defendants have violated her rights under federal and state fair housing laws, which mandate differential treatment for the

1  disabled under such circumstances." (ECF No. 3 at 14). Plaintiff contends that she has
2  come forward with evidence to show all of the elements required to establish a prima
3  facie claim of discrimination.

4      "To make out a claim of discrimination based on failure to reasonably
5  accommodate, a plaintiff must demonstrate that (1) [plaintiff] suffers from a handicap
6  as defined by the FHAA; (2) defendants knew or reasonably should have known of the
7  plaintiff's handicap; (3) accommodation of the handicap 'may be necessary' to afford
8  plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused
9  to make such accommodation." *Giebeler v. M & B Associates*, 343 F.3d 1143, 1147
10 (9th Cir. 2003) (citing *United States v. California Mobile Home Park Mgmt. Co.*, 107
11 F.3d 1374, 1380 (9th Cir.1997)).[1]

12     "[O]nly 'reasonable' accommodations are required by the FHAA." *Giebeler*,
13 343 F.3d at 1148) (citing 42 U.S.C. § 3604(f)(3)(B)). "Ordinarily, an accommodation
14 is reasonable under the FHAA 'when it imposes no fundamental alteration in the nature
15 of the program or undue financial or administrative burdens.'" *Giebeler*, 343 F.3d at
16 1157 (quoting *Howard*, 276 F.3d at 806). "To prove that an accommodation is
17 necessary, '[p]laintiffs must show that, but for the accommodation, they likely will be
18 denied an equal opportunity to enjoy the housing of their choice.'" *Giebeler*, 343 F.3d
19 at 1155 (citing *Smith & Lee*, 102 F.3d at 795).

20     Plaintiff's submits her declaration which states in part: "Due to a traumatic brain
21 injury that I suffered in 1971 from an accidental gun shot wound, I have hemiplegia on
22 the right side of my body. I am unable to walk any distance without substantial
23 difficulty because of my physical condition. I sometimes use a cane or a wheelchair
24 in order to get around." (ECF No. 3-1 at ¶ 2, Decl. of Plaintiff Myrna Gonzalez

---

[1] An analysis under FEHA mirrors the analysis under the federal Fair Housing Act. *Walker v. City of Lakewood*, 272 F.3d 1114, 1131 n. 8 (9th Cir.2001); *see also S. California Hous. Rights Ctr. v. Los Feliz Towers Homeowners Ass'n*, 426 F. Supp. 2d 1061, 1068 (C.D. Cal. 2005) (same). The Unruh Act contains statutory language equivalent to FHAA and FEHA's reasonable accommodation provision. *See McAlister v. Essex Prop. Trust*, 504 F. Supp. 2d 903, 910-11 (C.D. Cal. 2007).

1  ("Gonzalez Decl.")).

2      Plaintiff submits a copy of a letter dated August 1, 2014, from Yvonne Kovatch
3  to Defendant Recht Family Partnership stating "[Ms. Gonzalez] suffers from serious
4  health issues and requires a parking spot for her own well-being and has been advised
5  to do so by her medical professional." (ECF No. 3-4, Exh. 1). The record further
6  includes a letter dated August 11, 2014, from Stephanie O'Laughlin of Sunwest
7  Management to Yvonne Kovatch stating "we only have assigned carports for the two
8  bedrooms" and "[u]nfortunately, I cannot assign Ms. Gonzalez a spot and continue to
9  enforce the uncovered first come first serve parking rules at this complex." (ECF No.
10 3-4, Exhibit 2).

11     Plaintiff states in her declaration that "[w]ithout the use of an assigned parking
12 space, I was forced to rent hotel rooms, stay in overnight diners, or sleep in my car,
13 when I did not have access to a parking space close to my unit." (ECF No. 3-1 ¶ 7,
14 Gonzalez Decl.).

15     Plaintiff has made a prima facie case that she suffers from a handicap as defined
16 by the FHAA because she suffers from a physical impairment which substantially
17 limits her ability to walk, which is a major life activity. The Court finds that the record
18 provides prima facie evidence that Defendants knew or reasonably should have known
19 of Plaintiff's handicap and refused to accommodate Plaintiff. Plaintiff has made a
20 prima facie showing that she requested a reasonable and necessary accommodation.
21 *See United States v. California Mobile Home Park Management Company*, 107 F.3d
22 1374, 1381 (9th Cir.1997) ("the handicapped person faces injury or pain by having to
23 travel long distances from the house to the car ... without a parking space close to the
24 apartment, the handicapped individual's use and enjoyment of the dwelling is
25 diminished."); *Giebeler*, 343 F.3d at 1155 ("Imposition of burdensome policies ... can
26 interfere with sdisabled persons' right to use and enjoyment of their dwellings, thus
27 necessitating accommodation.") (citing *Shapiro v. Cadman Towers*, 51 F.3d 328,
28 335-36 (2d Cir.1995) (holding that a landlord's failure to grant a disabled tenant an

1  exception to 'first come-first served' waiting list for tenant parking substantially
2  affected tenant's use and enjoyment of her dwelling.). The Court finds that Plaintiff has
3  shown serious questions going to the merits.

## II.  Irreparable Injury/Balance of Hardships

Plaintiff states in her declaration that she "is in danger of losing her subsidized housing were she to be evicted." (ECF No. 3 at 17). Plaintiff asserts that the dearth of affordable, accessible housing in the State of California, and San Diego County, there is not a great likelihood that Plaintiff will be able to find suitable housing within the time-frame that an eviction order would produce. (ECF No. 3 at 17). Plaintiff contends that if she is forced to move from her current home, she faces the possibility of becoming homeless.

"Irreparable injury is that which is substantial and not compensable by monetary damages or other legal remedies." *Los Angeles Memorial Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980). "[T]he person or entity seeking injunctive relief must demonstrate that irreparable injury is *likely* in the absence of an injunction. An injunction will not issue if the person or entity seeking injunctive relief shows a mere possibility of some remote future injury, or a conjectural or hypothetical injury." *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011) (quotations omitted); *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm. Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.

In this case, the FHAA specifically authorizes the Court to grant "any permanent or temporary injunction" and "temporary restraining order." *See* 42 U.S.C. § 3613(c)(1) ("In a civil action under subsection (a) of this section, if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may ... grant as relief, as the court deems appropriate, any permanent or temporary injunction,

temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)."). The Court finds that Plaintiff has made a sufficient showing of irreparable injury.

"The public interest has been authoritatively declared by Congress in its enactment of the FHA." *Bischoff v. Brittain*, No. 2:14-CV-01970-KJM, 2014 WL 5106991, at *9 (E.D. Cal. Oct. 10, 2014) (internal quotations omitted). The public interest has been authoritatively declared by Congress. The Court finds that Plaintiff has made a sufficient showing that the public interest weighs in favor of Plaintiff.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Preliminary Injunction (ECF No. 3-2) is GRANTED.

IT IS HEREBY ORDERED that Defendants shall take no further action to evict Plaintiff until further order of this court. Defendants shall file any opposition to Plaintiff's Motion for Preliminary Injunction by January 9, 2015, and the Court will hear oral argument on the Motion for Preliminary Injunction on January 16, 2015 at 11 a.m. in Courtroom 14B.

DATED: December 30, 2014

*[signature]*
**WILLIAM Q. HAYES**
United States District Judge